J-S08015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN M. LAIRD, | |
| Appellant | No. 2264 EDA 2018 |

Appeal from the PCRA Order Entered July 10, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s):
CP-15-CR-0000145-2013
CP-15-CR-0000278-2013
CP-15-CR-0000958-2013
CP-15-CR-0004468-2012

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and STEVENS,  P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 29, 2019**

Appellant, Steven M. Laird, appeals from the July 10, 2018 order denying his *pro se* "Motion for Modification of Sentences *Nunc Pro Tunc*," which, for the reasons stated *infra*, should have been treated as a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's counsel, C. Curtis Norcini, Esq., has filed a petition to withdraw, along with an ***Anders***[1] brief.  After careful review, we deny

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).  We note that a 'no-merit' letter under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and

counsel's petition to withdraw, vacate the PCRA court's order denying relief, and remand for further proceedings.

Briefly, Appellant committed a series of burglaries that resulted in criminal charges being filed against him in four separate cases. On September 20, 2013, Appellant entered negotiated guilty pleas to various offenses in each of those cases, and he was sentenced that same day to an aggregate term of 8 to 16 years' incarceration. Appellant was represented by Steven E. Jarmon, Esq., during his plea and sentencing proceedings. He did not file an appeal from his judgment of sentence.

Nearly five years later, Appellant filed a *pro se* document entitled "Motion for Modification of Sentences *Nunc Pro Tunc*." Therein, he challenged the legality of his sentence, claiming that certain of his offenses should have merged for sentencing purposes. *See Commonwealth v. Robinson*, 931 A.2d 15, 24 (Pa. Super. 2007) (declaring that a claim that convictions should have merged for sentencing purposes constitutes a "nonwaivable challenge to the legality of sentence") (citation omitted). The court did not appoint counsel or indicate that Attorney Jarmon was still representing Appellant. On July 10, 2018, the PCRA court issued an order denying Appellant's motion.

---

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), is the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief. However, we may accept an *Anders* brief *in lieu* of a *Turner/Finley* no-merit letter. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) ("Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief *in lieu* of a *Turner/Finley* letter.") (citation omitted).

Appellant filed a timely, *pro se* notice of appeal on July 30, 2018. On August 8, 2018, Attorney Jarmon filed with this Court a petition to withdraw as counsel, although he acknowledged in the petition that he had not been "reappointed to represent [A]ppellant after the conclusion of his cases in 2013." Petition to Withdraw, 8/8/18, at 2. On September 7, 2018, this Court issued a *per curiam* order granting Attorney Jarmon's petition to withdraw, and directing the trial court to determine whether Appellant was eligible for court-appointed counsel and, if so, to appoint him a new attorney. Thereafter, the court issued an order appointing Attorney Norcini to represent Appellant in the present appeal. On December 31, 2018, Attorney Norcini filed his petition to withdraw and an ***Anders*** brief.

Before we may address Attorney Norcini's petition to withdraw, we must determine whether we have jurisdiction to consider Appellant's appeal. Problematically, Appellant filed a single notice of appeal listing four separate docket numbers. This Court recently explained:

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)...." ***Commonwealth v. Walker***, 185 A.3d 969, 976 (Pa. 2018). The Official Note now reads:
>
> > Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In **Walker**, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Walker**, 185 A.3d at 976-77. Therefore, the **Walker** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." **Id.** at 977. However, the Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." **Id.** Accordingly, the **Walker** Court directed that "*in future cases* Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." **Id.** (emphasis added).

**Commonwealth v. Williams**, --- A.3d ---, 2019 PA Super 81, *2 (Mar. 20, 2019). **Walker** was filed on June 1, 2018, and Appellant's *pro se* notice of appeal listing four separate docket numbers was filed on July 30, 2018. Thus, **Walker** applies and indicates that we should quash based on Appellant's non-compliant notice of appeal.

However, we decline to do so under the specific facts of this case. The trial court clearly erred by not treating Appellant's "Motion for Modification of Sentences *Nunc Pro Tunc*" as his first PCRA petition and appointing him counsel. In that motion, Appellant challenged the legality of his sentence, which is cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2). Thus, the PCRA is the only avenue of review for Appellant's claim. **Commonwealth v. Descardes**, 136 A.3d 493, 499 (Pa. 2016). Additionally, because this is

Appellant's first PCRA petition, he was entitled to representation of counsel before the PCRA court. **See** Pa.R.Crim.P. 904(B). This is true even though Appellant's petition is facially untimely. **See Commonwealth v. Kutnyak**, 781 A.2d 1259, 1262 (Pa. Super. 2001) (holding that an appellant is entitled to representation of counsel on his first PCRA petition, "despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented").

The trial court, however, failed to appoint counsel for Appellant.[2] While Attorney Norcini was appointed to represent Appellant while the present appeal was pending, that act did not correct the trial court's error of not appointing counsel below. Had the court properly done so, we presume that counsel would have filed a notice of appeal that complied with Rule 341 and **Walker**. **See Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987) (stating that we presume counsel acts effectively). Thus, in light of this record, we conclude that a breakdown in the operations of the court occurred, which permits us to overlook the errors in Appellant's *pro se* notice of appeal. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) (recognizing this Court's power to grant relief in the case of a fraud or breakdown in the processes of the court).

Next, we would typically address whether Attorney Norcini has complied with the **Turner/Finley** requirements for withdrawal. However, we decline

---

[2] The court also erred by not issuing a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.

- 5 -

to do so. Our Supreme Court has declared that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." **Commonwealth v. Albrecht**, 720 A.2d 693, 699 (Pa. 1999). Additionally, we have held "that where an indigent, first-time PCRA petitioner was denied his right to counsel – or failed to properly waive that right – this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011). Here, Appellant was denied his right to counsel during the litigation of his first PCRA petition before the PCRA court; again, the fact that Attorney Norcini was appointed to represent Appellant during the pendency of this appeal does not correct that error. Consequently, we are required to vacate the PCRA court's order, deny Attorney Norcini's petition to withdraw, and remand for counsel to assess Appellant's petition and either file an amended petition on his behalf, or seek to withdraw before the PCRA court.

Order vacated. Petition to withdraw denied. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/19